**In re Anonymous No. 50 D.B. 90**

Disciplinary Board Docket no. 50 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GEORGE JR., *Member,* February 19, 1999—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On April 27, 1998, petitioner, [ ], filed a petition for reinstatement from suspension. Petitioner was suspended for a period of five years retroactive to April 20, 1990 pursuant to the order of Supreme Court of May 6, 1996. The suspension was based on petitioner's conviction in the Superior Court of New Jersey for conspiracy and theft

by deception in violation of N.J.S. §§2C:5-2 and 2C:20-4.

This matter was referred to Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. A reinstatement hearing was held on July 10, 1998. Petitioner represented herself. Office of Disciplinary Counsel was represented by [   ], Esquire.

The Hearing Committee filed a report on October 16, 1998 and recommended that the petition be granted. No briefs on exception were filed by the parties.

This matter was adjudicated by the board at the meeting of November 18, 1998.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born on October 11, 1951. She was admitted to the bar in Pennsylvania on October 18, 1982. She currently resides at [   ].

(2) By order of the Supreme Court dated May 6, 1996, petitioner was suspended from the practice of law for a period of five years retroactive to April 20, 1990.

(3) Petitioner was suspended as a result of her conviction on December 7, 1988 of conspiracy and theft by deception.

(4) Petitioner was sentenced to serve a seven-year prison term. This sentence was modified after reconsideration by the court to a prison term of 364 days and three years of probation.

(5) Petitioner served 82 days in prison and was released on parole. Her probation terminated on June 30, 1994.

(6) Petitioner's criminal conviction occurred while she was a member of a cult. She was under the influence of the cult leader, who was responsible for masterminding the commission of the offenses charged.

(7) Since petitioner's conviction, she removed herself from the cult and obtained significant medical treatment and therapy over a three-year period to assist her in separating from the cult.

(8) Petitioner has been rehabilitated and has fully recovered from her problems associated with the cult.

(9) During petitioner's suspension, she attended [A] School of Nursing in New Jersey and obtained her nursing license in July 1994. Petitioner performed at the top of her class.

(10) Petitioner successfully practiced as a geriatric nurse from October 1994 through March 1996 and as a temporary [ ] for the New Jersey Department of Health from April through August 1997.

(11) Petitioner completed continuing legal education classes in excess of 36 hours and worked with three attorneys as a nurse consultant and paralegal in connection with the preparation of medical malpractice cases.

(12) Petitioner presented character witnesses who testified to her reputation in the community as an ethical and trustworthy individual as well as an intelligent and hard-working person. These witnesses included her husband and two legal employers. The witnesses urged the committee to recommend reinstatement, as petitioner would be an asset to the legal community.

(13) Petitioner testified that she learned how to handle her guilt associated with her life as a cult member and she has been able to move forward in her life. (N.T. 101-102.)

(14) Petitioner testified that the effects of her years in the cult do not linger on her day-to-day activities and decision-making, or her abilities to perform on a personal or professional level. (N.T. 117-18.)

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that she possesses the moral qualifications, competency and learning in the law necessary to practice in Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

An attorney who is suspended from the practice of law for a period exceeding one year may not resume practice until reinstated by order of the Supreme Court of Pennsylvania. Pa.R.D.E. 218(a). In order for petitioner to gain reinstatement after suspension, she has the burden of demonstrating, by clear and convincing evidence, that she possesses the moral qualifications, competency and learning in the law required for admission to practice law. Part of petitioner's burden also requires that she demonstrate that her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, nor subversive of the public interest. Pa.R.D.E. 218(c)(3)(i).

In determining whether petitioner clearly demonstrated her present fitness to practice law, the board considered the nature of petitioner's misconduct, her present competence and legal abilities, her character, rehabilitation,

and degree of remorse expressed. *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was suspended for her conviction of conspiracy and theft by deception. These crimes occurred between 1979 and 1983, when petitioner was an impressionable member of a destructive cult. The leader of the cult directed members to register at educational institutions for the purpose of securing guaranteed student loans. These loans were never used by the members for college tuition, but instead were given to the cult as instructed by the leader.

After petitioner's conviction, through therapy and her own efforts, she was able to separate herself from the cult and eventually return to a stable pattern of life.

Petitioner has now been suspended from the practice of law since 1990. During her suspension, she went to nursing school and obtained her nursing license in 1994. She performed at the top of her class and received many accolades. Petitioner worked as a geriatric nurse and a [  ] for the State of New Jersey.

Petitioner worked in the legal field as well. She served as a nurse consultant and a paralegal for medical malpractice cases with Attorneys [B] and [C], as well as her husband, Attorney [D]. These attorneys testified at the hearing to petitioner's moral fitness and competence. The testimony reveals that petitioner is a person of impeccable character and high moral standards, and has an excellent ability to grasp legal concepts.

Petitioner demonstrated sincere remorse and provided ample evidence of her rehabilitative efforts. There is no question that petitioner's experience with the cult was a

very unusual circumstance and will not be repeated in the future. In spite of these obstacles in her youth, petitioner has persevered in making a new and rewarding life for herself. The evidence is clear that she will not cause harm to the public by her readmission.

The record demonstrates that petitioner has met the requirements for reinstatement from her suspension. Her misconduct was serious and was appropriately addressed by the Supreme Court. She fulfilled the term of her suspension without any difficulties or questionable activities. She is morally fit, competent and learned in the law. Her desire to practice law is sincere.

For these reasons, the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa. R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Elliott did not participate in the November 18, 1998 adjudication.

## ORDER

And now, April 21, 1999, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated February 19, 1999, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.